IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                                     |
|------------------------------|---|-------------------------------------|
| LOUIS MORING,                | ) |                                     |
|                              | ) |                                     |
|    Movant,    | ) |                                     |
|                              | ) | Case No. 2:12-cv-02551-JPM-dkv      |
| v.                           | ) | Case No. 2:09-cr-20473-JPM-1        |
|                              | ) |                                     |
| UNITED STATES OF AMERICA,    | ) |                                     |
|                              | ) |                                     |
|    Respondent.| ) |                                     |
|                              | ) |                                     |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ("§ 2255 Motion") filed by Movant, Louis Moring, Bureau of Prisons register number 23366-076, an inmate at the Federal Correctional Complex (Medium) in Yazoo City, Mississippi. (§ 2255 Mot., *Moring v. United States*, No. 2:12-cv-02551-JPM-dkv (W.D. Tenn.), ECF No. 1; *see* ECF No. 1-1.) For the reasons that follow, the Court DENIES the § 2255 motion.

I.  BACKGROUND

    A.  Case Number 09-20473

On November 17, 2009, a federal grand jury returned a one-count indictment against Moring, charging that on or about May 26, 2009, Moring "unlawfully, knowingly, and intentionally possess[ed] with the intent to distribute less than 5 grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance as classified by [21 U.S.C. § 812], all in violation of [21 U.S.C. § 841(a)(1)]." (Indictment,

*United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 1.)  On August 24, 2010, a federal grand jury returned a one-count superseding indictment against Moring, charging that Moring "unlawfully, knowingly, and intentionally possess[ed] with the intent to distribute less than 5 grams of a mixture and substance containing a detectable amount of *cocaine*, a Schedule II controlled substance as classified by [21 U.S.C. § 812], in violation of [21 U.S.C. § 841(a)(1)]."  (Superseding Indictment, *id.*, ECF No. 34 (emphasis added).)

Pursuant to a written Plea Agreement, Moring appeared before Magistrate Judge Tu M. Pham, on September 1, 2010, to plead guilty to the sole count of the Superseding Indictment. (Min. Entry, *id.*, ECF No. 39.)  On March 17, 2011, Moring made an oral motion in court to withdraw his guilty plea (Min. Entry, *id.*, ECF No. 51), followed by a written Motion to Withdraw Guilty Plea on April 10, 2011 (Mot. to Withdraw Guilty Plea, *id.*, ECF No. 57).  On July 5, 2011, the Court denied Moring's Motion to Withdraw and directed the parties to prepare for sentencing on the sole count of the Superseding Indictment.  (Order Denying Mot. to Withdraw Guilty Plea, *id.*, ECF No. 79; Order Directing Parties for Sentencing, *id.*, ECF No. 81.)

On October 15, 2010, the United States Probation and Pretrial Services prepared a presentence investigation report ("PSR"), which recommended a total offense level of 29 and criminal history category of VI based on Moring's status as a career offender.  (PSR ¶¶ 23, 25, 47, 81.)  The PSR calculated Moring's advisory guideline range at 155 to 188 months of imprisonment.  (*Id.* ¶ 81.)  The PSR was supplemented on November 22, 2010, but the total offense level, criminal history category, and guideline range remained the same.  (*See* First Addendum to the PSR.)

On July 13, 2011, the PSR was supplemented a second time.  (Second Addendum to the

PSR.) The second addendum stated that Moring had submitted a motion to withdraw his guilty plea on June 17, 2011.[1] (*Id.* at 1; Mot. to Withdraw Guilty Plea, *United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 57). The second addendum stated that if the Court found Moring's motion to withdraw to be inconsistent with the Acceptance of Responsibility credit, the total offense level would be 32, the criminal history category would be VI, and the guideline range would be 210-262 months. (Second Addendum to the PSR at 1.) The second addendum further stated that the Government "indicated that a motion for the third point for Acceptance of Responsibility would not be filed in this case." (*Id.*) As calculated by the second addendum, if the Court applied a two-level reduction for Acceptance of Responsibility, the total offense level would be 30, the criminal history category would be VI, and the guideline range would be 168-210 months. (*Id.*)

At a hearing on July 18, 2011, the Court determined that the offense level was 30, the criminal history category was VI, and the guideline range was 168-210 months. (Sentencing Hr'g Tr. 30:9-31-4, *United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 99.) The Court sentenced Moring to a term of imprisonment of 180 months, three years of supervised release, and a $100 special assessment. (Min. Entry, *id.*, ECF No. 83; J. in Criminal Case, *id.*, ECF No. 84.) Moring's supervised release conditions required that he receive drug testing and treatment, comply with DNA collection, participate in vocational training, and obtain his GED. (J. in a Criminal Case at 4, *id.*, ECF No. 84.) The Court recommended that Moring be allowed to participate in the 500-hour intensive drug rehabilitation program while in the

---

[1] As noted above, the oral motion was made on March 17, 2011 (Min. Entry, *United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 51) and the written motion was filed on April 10, 2011 (Mot. to Withdraw Guilty Plea, *id.*, ECF No. 57.) The June 17, 2011, date refers to date of the Court's hearing on the motion. (Min. Entry, *id.*, ECF No. 75.)

custody of the Bureau of Prisons.  (*Id.* at 2.)  Judgment was entered on July 20, 2011.  (*See id.*)

On December 5, 2011, Moring filed a *pro se* 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction in the criminal case, arguing that his sentence should be reduced "to reflect an 18 to 1 crack/powder cocaine ratio, based on the retroactively applicable [Amendment 750 of the Fair Sentencing Act of 2010 ("FSA")]."  (Mot. for Sentence Reduction at 1, *United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 89.)  On May 24, 2013, Moring filed a *pro se* Amended 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction, stating that the United States Court of Appeals for the Sixth Circuit's holding in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013)[2] requires that his sentence be reduced.  (Am. Mot. for Sentence Reduction, *id.*, ECF No. 92.)  On December 2, 2013, the Court entered an Order Denying Moring's motions for sentence reduction, holding that Moring was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  (Order Den. Mots. for Sentence Reduction, *id.*, ECF No. 94.)

B.   **Case Number 12-2551**

On July 10, 2012, Moring filed his *pro se* § 2255 Motion, in which he raises a single issue in support of his claim for relief from his sentence.  (§ 2255 Mot., *Moring v. United States*, No. 2:12-cv-02551-JPM-dkv (W.D. Tenn.), ECF No. 1.)  Moring argues that his sentence was entered approximately one year after the FSA was signed into law, and, therefore,

---

[2] *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), which held that sentence reductions under the FSA applied retroactively for crack cocaine offenders with mandatory minimum sentences, was subsequently overturned by the Sixth Circuit in *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (en banc).

4

his sentence should be vacated and remanded for resentencing pursuant to two cases[3] decided as one in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). (*Id.* at 5.)

On May 28, 2013, the Court directed the Government to respond to the § 2255 Motion. (Order Directing Gov't to Respond, *id.*, ECF No. 5.) On May 30, 2013, Moring filed a Motion for Due Process, requesting that the Court address his § 2255 Motion and issue a show cause order to Respondent to file a response. (Mot. for Due Process, *id.*, ECF No. 6.) On June 4, 2013, the Court entered an order denying the Motion for Due Process as moot, stating that the motion was unnecessary because the United States had previously been directed to file its response. (Order Den. as Moot Mot. for Due Process, *id.*, ECF No. 7.)

On June 18, 2013, the Government filed its Response to the § 2255 Motion, arguing that "[t]he relief that Moring seeks must be denied because his conviction was not for possession of crack cocaine. Moring pleaded guilty to the Superseding Indictment's charge of possession of powder cocaine." (Resp. to § 2255 Mot. at 4, *id.*, ECF No. 4.) On October 30, 2013, Moring filed his Reply, in which Moring contends that he was sentenced for possession and intent to distribute crack cocaine, not powder cocaine. (Reply, *id.*, ECF No. 9.) Specifically, Moring states that,

> In its Response, the Government quotes an exchange between the Court, itself, and Petitioner's former counsel pertaining to a discrepancy between Petitioner's original and superseding indictment . . . . However, what the Government fails to mention is that later during the subsequent sentence hearing, the Court explicitly states that it will instead sentence Petitioner based on his possession of crack cocaine.

(*Id.* at 2.)

---

[3] *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), *cert. granted sub nom. Dorsey v. United States*, 132 S. Ct. 759 (2011), and *United States v. Hill*, 417 F. App'x 560 (7th Cir. 2011), *cert. granted*, 132 S. Ct. 759 (2011).

On August 27, 2015, Moring filed a Motion to Supplement, asserting that *Johnson v. United States*, 135 S. Ct. 2551 (2015) had created a change in the law, which should allow him to supplement his motion under *Davis v. United States*, 417 U.S. 333 (1974). (Mot. to Suppl., *id.*, ECF No. 12.) On August 31, 2015, the Court directed the Government to respond to the Motion to Supplement. (Order Directing Gov't to Respond, *id.*, ECF No. 13.) On September 9, 2015, the Government filed its Response to the Motion to Supplement. (Resp. to Mot. to Suppl., *id.*, ECF No. 15.) On September 23, 2015, Moring filed a Reply to the Government's Response. (Reply to Resp. to Mot. to Supplement, *id.*, ECF No. 16.) The Court granted the Motion to Supplement on February 1, 2016 (Order Granting Mot. to Suppl., *id.*, ECF No. 18), and directed the Government to respond on the merits on February 18, 2016 (Order Directing Gov't to Respond, *id.*, ECF No. 19). The Government filed its response on February 26, 2016. (Resp. on the Merits, *id.*, ECF No. 21.)

## II.     THE LEGAL STANDARD

### A.     § 2255 Motion

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United*

*States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may

7

enable him summarily to dismiss a § 2255 motion . . . ."). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III. ANALYSIS OF MOVANT'S CLAIMS

### A. The Fair Sentencing Act and *Dorsey v. United States*

Moring contends that his sentence should be vacated and he should be resentenced pursuant to the FSA and the Supreme Court decision in *Dorsey*. The FSA, enacted on August 3, 2010, amended several statutes to increase the amount of crack cocaine necessary to trigger mandatory minimum sentences. *United States v. Shepherd*, 408 F. App'x 945, 949 (6th Cir. 2011). Through Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G."), which became effective on November 1, 2011, the Sentencing Commission lowered the offense levels for cocaine base, or crack, set forth in Sentencing Guideline § 2D1.1. That change was made retroactive through Amendment 759 to Sentencing Guideline § 1B1.10(c). In *Dorsey*, the Supreme Court reaffirmed the retroactive authority of the FSA and U.S.S.G. amendments by holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335.

In this case, Moring was not convicted of unlawful possession with the intent to distribute cocaine base, or crack cocaine. In the Superseding Indictment, Moring was charged with "unlawfully, knowingly, and intentionally possess[ing] with the intent to distribute less than 5 grams of a mixture and substance containing a detectable amount of *cocaine*." (Superseding Indictment at 1, *United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 34 (emphasis added).) The charge in the Superseding Indictment is significant because it specified

8

possession of cocaine, rather than cocaine base, which was the basis for the charge in the initial Indictment. (*See* Indictment at 1.)

That Moring pleaded guilty to the charge of possession of cocaine powder in the Superseding Indictment is evidenced by the guilty plea made by Moring during the change of plea hearing, the statements by the Magistrate Judge during the change of plea hearing, and the Judgment entered by the Court in the criminal case. During the change of plea hearing, Moring's counsel, Mr. Wells, explained to the Magistrate Judge that Moring "will be plea[d]ing out to the super[s]eding indictment." (Change of Plea Hr'g Tr. 4:11-12, *United States v. Moring*, 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 66.) During the change of plea hearing, the Magistrate Judge explained to Moring that "[b]y pleading guilty, . . . I will adjudge you guilty and you will be convicted for the offense in the super[s]eding indictment, the possession with the intent to distribute less than five grams of *cocaine*." (*Id.* at 12:5-10 (emphasis added).) Additionally, when the Magistrate Judge asked how Moring pleaded to the "super[s]eding indictment," Moring responded "Guilty." (*Id.* at 28:9-11.) The Magistrate Judge accepted the guilty plea and informed Moring that he was "hereby adjudged guilty of the offense charged in count one of the super[s]eding indictment." (*Id.* at 28:21-23.)

Similarly, the Court's judgment in the criminal case stated explicitly that the nature of Moring's sentence was "Unlawful Possession with Intent to Distribute Less Than 5 Grams of *Cocaine*." (J. in a Criminal Case at 1, *id.*, ECF No. 84 (emphasis added).) The judgment further states, "The defendant pleaded guilty to Count 1 of the Superseding Indictment on September 1, 2010." (*Id.*) Accordingly, Moring's sentence was not premised on possession of crack cocaine or cocaine base.

9

The Court adjudicated Moring guilty of unlawful possession with intent to distribute less than five grams of cocaine powder, in violation of 21 U.S.C. § 841(a)(1). More importantly, the determining factor for Moring's sentence, as evidenced by the PSR and its subsequent addenda, was Moring's career offender status, which increased his offense level.[4] Amendment 750 expressly states that it does not apply to those offenders who "are sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), . . . result[ing] in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." (U.S. Sentencing Guidelines Manual App. C at 394, Amend. 750 (U.S. Sentencing Comm'n 2011); *see also* Order Den. Mots. for Sentence Reduction, *United States v. Moring*, No. 2:09-cr-20473-JPM-1 (W.D. Tenn.), ECF No. 94.) Thus, even if Moring had been convicted of a crack cocaine offense, he would not be entitled to a sentence reduction based on Amendment 750 because he was sentenced as a career offender.

For these reasons, the FSA and the Supreme Court decision in *Dorsey* are not applicable to Moring's sentence for unlawful possession and intent to distribute powder cocaine. The Court finds that Moring's allegations regarding the basis for his sentence are contradicted by the record.

**B.**     *Johnson v. United States*

The Armed Career Criminal Act ("ACCA") provides that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a

---

[4] As a career offender, there was a Chapter Four enhancement (§ 4B1.1(b)(3)). Moring's convictions placed him at an offense level 32, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), which was adjusted to 30 after a reduction of two points for acceptance of responsibility. The government did not move for the third point for acceptance of responsibility. *See supra* Part I.A.

> violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

"Violent felony" is defined by the ACCA as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

The Supreme Court held in *Johnson v. United States* that the residual clause of the ACCA, encompassing all felonies that "involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and that the application of the residual clause to increase a sentence violated the Due Process Clause.  135 S. Ct. 2551, 2557 (2015).  The *Johnson* decision applies only to the residual clause and "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.* at 2563.  The Supreme Court did not address sentences enhanced for "serious drug offenses" in its decision.

The Sixth Circuit has held that "the Supreme Court has made *Johnson*'s rule categorically retroactive to cases on collateral review."  *In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015) (granting a motion to file a second § 2255 petition in light of *Johnson*).  Although *Watkins* involved a sentencing enhancement under the ACCA, and not the Sentencing Guidelines, the Sixth Circuit has treated the "identically worded" residual clause of U.S.S.G.

§ 4B1.2(a)(2)[5] like the residual clause of the ACCA. *See, e.g.*, *United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. 2015) (per curiam). Additionally, the Sixth Circuit in *Watkins* made no distinction between a Fifth Circuit ACCA case and an Eleventh Circuit Sentencing Guidelines case when rejecting both circuits' conclusions that *Johnson* was not retroactive. *See Watkins*, 810 F.3d at 383 (treating as analogous *In re Williams*, 800 F.3d 322 (5th Cir. 2015) and *In re Rivero*, 797 F.3d 986 (11th Cir. 2015)).

Moring, whose sentence was enhanced pursuant to the Sentencing Guidelines, asserts that *Johnson* "invalidated his prior predicates because they do not entail force, do not require touching, and are based on reckless intent." (Mot. to Suppl. at 2, *Moring v. United States*, No. 2:12-cv-02551-JPM-dkv (W.D. Tenn.), ECF No. 12.) As discussed above, Moring's status as a career offender increased his total offense level. The PSR determined that Moring qualified as a career offender under § 4B1.1 in part because he "has at least two prior felony convictions for controlled substance offenses or crimes of violence . . . ." (PSR ¶ 23.)[6] In Moring's case, three prior convictions were designated as qualifying convictions: evading arrest in an

---

[5] The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

[6] Although Moring ultimately received a fifteen-year sentence, Moring was not subject to the fifteen-year mandatory minimum for three predicate convictions under the ACCA.

automobile; aggravated assault; and possession of cocaine with intent to sell. (*See* PSR ¶¶ 37, 38, 44.)

The conviction for possession of cocaine is a controlled substance offense to which *Johnson*'s holding does not apply. A Tennessee conviction for evading arrest in an automobile qualified as a crime of violence only under the residual clause, and is therefore no longer considered a predicate offense for sentencing enhancement. *See, e.g., United States v. Franklin*, 622 F. App'x 501, 514 (6th Cir. 2015). Therefore, if Moring's aggravated assault conviction also qualified as a crime of violence only under the residual clause, then he would no longer qualify as a career offender under § 4B1.1. The conviction, however, qualifies as a crime of violence not under the residual clause but under the "elements clause." *See* U.S.S.G. § 4B1.2(a)(1) (defining crime of violence as an offense, punishable by over one year of imprisonment, that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The PSR states that Moring was convicted on July 27, 1999, on two counts of aggravated assault and was sentenced to four years' imprisonment. (PSR ¶ 38.) Since Tennessee felony convictions for aggravated assault are not categorically crimes of violence, *United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014),[7] a modified-categorical approach must be used to determine whether Moring's aggravated assault conviction was a crime of violence. Under such an approach, the Court "may not consider factual recitations in the PSR" but "may look 'to

---

[7] Tennessee Code Annotated section 39-12-102 includes several offenses that are considered "aggravated assault." "If the statute is to satisfy the categorical approach, each avenue for violating § 39-13-102 must constitute a crime of violence." *Cooper*, 739 F.3d at 879. Because certain subsections of the statute do not satisfy the definition of a crime of violence, violations of the statute "do[] not categorically qualify as a crime of violence." *Id.* at 880.

the terms of the charging document . . . or to some comparable judicial record of this information.'" *Id.* at 880-81 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In this case, the indictments and state court judgments demonstrate that Moring pleaded guilty to violations of Tennessee Code Annotated section 39-13-102; Moring's specific violations were ones which would qualify as crimes of violence. (*See* Ex. to Resp. on the Merits, *Moring v. United States*, No. 2:12-cv-02551-JPM-dkv (W.D. Tenn.), ECF No. 21-1; *see also Cooper*, 739 F.3d at 882.) In both of Moring's indictments, the grand jury charged Moring with "intentionally commit[ing] an assault . . . by use of a deadly weapon, to wit: a handgun, caus[ing]" each victim "to reasonably fear imminent bodily injury." (Ex. to Resp. on the Merits at PageID 93, 96, *Moring v. United States*, No. 2:12-cv-02551-JPM-dkv (W.D. Tenn.), ECF No. 21-1.) Moring pleaded guilty on both counts to the Class C felony of aggravated assault. (*See id.* at PageID 94, 97.) Therefore, Moring was convicted under section 39-13-102(a)(1)(B),[8] and the conviction qualifies as a crime of violence because it includes as an element the use, attempted use, or threatened use of physical force. *See Cooper*, 739 F.3d at 883 ("[Section 39-13-102(a)(1)(B)] criminalizes conduct within the generic definition of aggravated assault and does not cover a wider range of behavior. Thus, [Defendant]'s conviction qualifies as a crime of violence . . . and the district court correctly applied the career-offender enhancement to [Defendant]."). Although Moring's felony conviction for evading arrest is no longer a qualifying conviction for career offender status, because Moring's other two qualifying

---

[8] At the time of Moring's conviction, section 39-13-102(a)(1)(B) read: "A person commits aggravated assault who [i]ntentionally or knowingly commits an assault as defined in § 39-13-101 and [u]ses or displays a deadly weapon." Section 39-13-101 at the time read, in relevant part: "A person commits assault who . . . [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury."

convictions are not affected by the ruling in *Johnson*, Moring's career offender status is unchanged. *See* U.S.S.G. § 4B1.1.

Accordingly, because neither *Dorsey* nor *Johnson* created a change in law that alters Moring's sentence, Moring's claim under 28 U.S.C. § 2255 is without merit and is DENIED. Judgment will be entered in favor of the Government.

IV. **APPEAL ISSUES**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *See Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, the issues raised by Moring lack

substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. *See* Fed. R. App. P. 24(a)(1). Rule 24(a), however, also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[9]

**IT IS SO ORDERED**, this 8th day of March, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[9] If Moring files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.